Upon further consideration I now believe that the majority opinion does not properly address the defendant's contention that his guilty plea was not "voluntarily and understandingly" made. The majority accepts the trial counsel's bare assurances that the defendant was adequately informed, even though the trial court was required under law to go behind those assurances and independently assess the basis of the defendant's plea. To review the trial court's action, *Page 136 
we cannot accept at face value the trial counsel's mere assurances that he informed the defendant. Instead, we should analyze the colloquy between the trial judge and the defendant to determine if the record discloses whether the defendant voluntarily and understandingly pled guilty. See Boykin v.Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969);Dingler v. State, 408 So.2d 530 (Ala. 1981). The majority opinion fails to attempt such an analysis. Consequently, the action now taken does not conform to law.